# ANDERSON KILL P.C.



Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Jeremy E. Deutsch
Jdeutsch@andersonkill.com
212-278-1172

*Via ECF*  April 8, 2019

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY  10007

      Re:    *In the Matter of the Arbitration between Jolen, Inc., Petitioner and Kundan Rice Mills, Ltd. and Kundan Care Products, Ltd.*, Case No. 1:19-cv-01296-PKC

Dear Judge Castel:

      We represent Petitioner Jolen, Inc. ("Jolen") in the above-referenced action and write pursuant to Rule 1(B) of Your Honor's Individual Practices to request adjournment of the Initial Pretrial Conference currently scheduled for April 11, 2019 at 11:30 a.m.

      The action requests the confirmation of a partial final award issued in favor of Jolen in a pending arbitration being conducted in New York between Jolen, a U.S. corporation incorporated in the State of Connecticut, and the Kundan Respondents, Indian business entities. The partial final award determined that the Kundan Respondents had materially breached the licensing agreement in place between the parties and that the licensing agreement was terminated and as such Kundan Respondents were required to cease manufacturing, selling, or advertising Jolen trademarked products in India and elsewhere.

      At present, Respondents have not appeared in this action, they have not opposed Jolen's Petition, and there is a pending unopposed anti-suit injunction motion that was brought by Order to Show Cause on Wednesday, April 3, 2019.  At the Order to Show Cause hearing, at which Respondents did not appear despite their arbitration counsel acknowledging receipt of the Order, Your Honor informed Jolen's counsel that a written decision would issue on the anti-suit injunction motion this week.

      "Where a respondent fails to file any opposition, a petition to confirm an arbitration award is 'treated as akin to [an unopposed] motion for summary judgment.'" *Dist. Council No. 9 Int'l Union of Painters & Allied Trades v. Highland Glass & Metal*, *Inc.*, No. 1:18-cv-3017 (ALC), 2019 U.S. Dist. LEXIS 27676, at *5 (S.D.N.Y. Feb. 21, 2019), *citing Amaprop, Ltd. v. Indiabulls Fin. Servs.*, 11 Civ. 2001 (PGG), 2011 U.S. Dist. LEXIS 102419, at *9 (S.D.N.Y. September 9, 2011).  A copy of the *Dist. Council* decision is attached for ease of reference.  As set forth in *Dist. Council*, "At no point has Respondent contested or made any objections to the

**Anderson Kill P.C.**

The Honorable P. Kevin Castel
February 19, 2019
Page 2

Award or the Petition.  Thus, there is no indication that any justification exists for vacating, modifying, or correcting the award.  Without any indication as to why the Award should not be made a judgment of the court, this Court grants substantial deference to the decision of the [arbitration body]." *Id*.  There is no reason to hold otherwise in this matter.

In light of the foregoing, Jolen seeks to adjourn the Initial Pretrial Conference indefinitely or until after this Court has issued its decisions on the Petition and the anti-suit injunction.

This is the first request for adjournment and no adversary has appeared for Respondents who might consent or decline to consent to the request.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jeremy E. Deutsch

Jeremy E. Deutsch