UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOLEN, INC.,

                Petitioner,                19-cv-1296 (PKC)

    -against-                          OPINION
                                                                                             AND ORDER

KUNDAN RICE MILLS, LTD. and KUNDAN
CARE PRODUCTS, LTD.,

                Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

         Petitioner Jolen, Inc. ("Jolen") filed a Petition to Confirm an Arbitration Award on February 11, 2019. (Doc 1.)  It has filed a Certificate of Service (Doc 13) stating that service of process was effectuated on respondents Kundan Rice Mills, Ltd. and Kundan Care Products, Ltd. (together, the "Kundan Entities"), companies incorporated and with principal places of business in India (Doc 1 ¶¶5−6), on or about February 26, 2019 through the alternate means of service approved in the Court's Order of February 26, 2019 (Doc 12.)  The Kundan Entities have not answered or moved with respect to the Petition nor have they requested an extension of time to answer or move.  The Court will therefore review the Petition unopposed.[1]

         "[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate," and an unopposed motion to confirm an arbitration award should be "treated as

---

[1] The Court has also granted an unopposed motion for an anti-suit injunction against the Kundan Entities directing them to withdraw any action pending in the Courts of India and refrain from instituting or participating in any proceedings the object of which is to vacate or otherwise render unenforceable the arbitration award. (Doc 21.) Counsel for the Kundan Entities confirmed receipt of the moving papers for the anti-suit injunction motion (Doc 17; Doc 18 & Ex. 1) but did not otherwise respond or appear at a show cause hearing before the Court (Minute Entry of April 3, 2019.)

akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109-10 (2d Cir. 2006). The movant must submit evidence that entitles it to judgment as a matter of law, and must satisfy this burden even if the motion is unopposed. See id. (citing Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

"[T]he court's function in confirming or vacating an arbitration award is severely limited." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co, 462 F.3d at 110. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Id. (internal quotations omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." Id.

"Under the terms of [9 U.S.C § 9], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008). The Federal Arbitration Act ("FAA"), at 9 U.S.C. § 10(a), sets forth assorted grounds for vacating an arbitration award, including awards "procured by corruption, fraud, or undue means"; evidence of "partiality or corruption" by the arbitrators; procedural misconduct by arbitrators that prejudiced any party; or evidence that arbitrators exceeded their powers. As a "judicial gloss" on section 10(a), the Second Circuit recognizes two additional bases for vacatur: where the award shows a "manifest disregard" of the law or of the terms of the parties' agreement. Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451-52 (2d Cir. 2011) (citations omitted). An award may be modified if there is "an evident

material miscalculation of figures" or other material mistake, the arbitrator acts on a matter that was not submitted, or an award "is imperfect in matter of form . . . ."  9 U.S.C. § 11.

Jolen and Kundan Rice Mills, Ltd. entered into an Exclusive Trademark License Agreement ("the Agreement") on or about November 1, 2004 that includes an arbitration clause governing any dispute arising out of the Agreement or its breach.  (Declaration of Jeremy E. Deutsch ("Deutsch Decl.") Ex. 1 at 1, § 12; Doc 4).  On April 4, 2016, Jolen filed a Request for Arbitration with the International Chamber of Commerce, International Court of Arbitration ("ICC") alleging breach of the Agreement by the Kundan Entities by, among other things, their failure to report monthly sales and failure to make royalty payments.  (Pet. ¶¶13, 15; Doc 1; Deutsch Decl. Ex. 3 ¶15; Doc 4.)

The ICC Court appointed a sole arbitrator to decide issues of jurisdiction as well as liability.  (Deutsch Decl. Ex. 3 ¶¶17−18).  Both parties appeared and participated at the arbitration proceedings.  (Id. Ex. 3 ¶¶24−38.)  On July 13, 2018, the arbitrator, Rahim Moloo, issued a thirty-four-page "Partial Award," in which he declared that (a) the Agreement is valid and not void for uncertainty; (b) the Kundan Entities materially breached the Agreement by failing to make royalty payments and failing to provide monthly sales reports; and (c) the material breach without cure terminated the Agreement on August 3, 2015.  (Id. Ex. 3 ¶119.)  The arbitrator's decision was based on, among other things, an analysis of the Agreement's terms and provisions, Indian law, testimony from the Managing Director of Kundan Rice Mills, Ltd., and declarations and other evidence submitted by the parties regarding the nature of the parties' long-term business relationship.  (See id. Ex. 3.)

The arbitrator reserved a decision on costs associated with this phase of the proceedings and any remedies or damages until the next phase. (Id. Ex. 3 ¶¶116−17.) He also reserved decision on issues including the Kundan Entities' alleged refusal to comply with Jolen's attempt to exercise audit rights, sub-licensing of the mark without permission, and breach of the Agreement by unauthorized out-of-territory sales. (Id.)

The Court has the power confirm "final" awards. 9 U.S.C. § 10(a)(4). "Generally," finality requires an arbitrator to decide "not only the issue of liability of a party on the claim, but also the issue of damages." Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413−14 (2d Cir. 1980). However, "if the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue." Trade & Transp., Inc. v. Nat. Petroleum Charterers, Inc., 931 F.2d 191, 195 (2d Cir. 1991); see Hart Surgical, Inc. v. Ultracision, Inc., 244 F.3d 231, 233−35 (1st Cir. 2001) (bifurcated arbitration decision on liability was final).

The Partial Award of July 13, 2018 is final for purposes of confirmation. The arbitrator refers to the award as a "Partial Final Award" and a "final award" several times. (Deutsch Decl. Ex. 3 ¶¶1, 22 & n.7.) He never uses the phrase "interim award." Neither party has disputed the arbitrator's characterization of the award. The decision to bifurcate the arbitration into separate liability and damages phases was made as early as September 2017, nearly ten months prior to the issuance of the Partial Award. (Id. ¶4; Ex. 2.) The parties agreed to this and submitted briefing with respect to the issues of liability and jurisdiction. (Id. Ex. 3 ¶1.) The arbitrator has "conclusively decide[d] every point required by and included in" the parties' submissions related to its jurisdiction and the validity, enforceability, and termination of the Agreement with respect to two alleged breaches – the Kundan Entities' failure to submit monthly sales reports and failure

to make royalty payments – as the arbitrator's "authority and responsibility" demanded.  Trade and Trans., 931 F.2d at 195.  As a result of the arbitrator's determination, the Kundan Entities are now legally barred from continuing to trade on Jolen's mark.  The arbitrator has issued a subsequent procedural order clearly stating that the the Partial Award legally obligates the Kundan Entities to cease using Jolen's mark.  (Id. Ex. 4 ¶22.)

    Jolen has come forward with evidence entitling it to judgment as a matter of law.  The dispute was determined by an arbitrator in accordance with the arbitration provision of the Agreement. In the Partial Award, the arbitrator explained in detail his evaluation of the facts and application of the law, which provides this Court with more than the "barely colorable justification" required to confirm the award.  D.H. Blair, 462 F.3d at 110.  There is no indication that the arbitrator exceeded his powers in deciding his jurisdiction over the dispute or the Kundan Entities' breach of the Agreement, or that the other grounds for vacating or modifying an award under sections 10 and 11 of the FAA are applicable.  The Court concludes that the Partial Award of Rahim Moloo dated July 13, 2018 is based in fact and law, and accordingly grants the petition to confirm the arbitration award.

CONCLUSION

The petition to confirm the arbitration award is GRANTED. The Clerk is directed to enter judgment for Jolen.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 10, 2019