UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOLEN, INC.,

                              Petitioner,                          19-cv-1296   (PKC)

          -against-                                        OPINION AND ORDER
                                                           ON CIVIL CONTEMPT

KUNDAN RICE MILLS, LTD. and KUNDAN
CARE PRODUCTS, LTD.,
                              Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          Petitioner Jolen, Inc. ("Jolen") moves for an order finding respondents Kundan

Rice Mills Ltd. and Kundan Care Products, Ltd. (the "Kundan Entities") in civil contempt.  Jolen

asserts that respondents violated this Court's anti-suit injunction order, dated April 9, 2019.

          Set forth below are the Court's Findings of Fact and Conclusions of Law.

Considering Jolen's submissions and the evidence of record, the Court finds by clear and

convincing evidence that the respondents violated the Court's Orders and the respondents are

adjudged to be in contempt of Court.  Jolen's motion is granted.

FINDINGS OF FACT

          On or about November 1, 2004, Jolen entered into an Exclusive Trademark

License Agreement (the "Agreement") with the Kundan Entities.[1]  (Declaration of Jeremy E.

Deutsch of Feb. 11, 2019 Ex. 1  at 1, § 12; Doc 4).  The Agreement includes an arbitration

clause governing any dispute arising out of the Agreement or its breach.  (Id.).  On April 4, 2016,

---

[1] The Kundan Entities are companies incorporated and with principal places of business in India. (Petition ¶¶5−6; Doc 1).

Jolen filed a Request for Arbitration with the International Chamber of Commerce, International Court of Arbitration ("ICC"), alleging various breaches of the Agreement by the Kundan Entities, including their failure to report monthly sales and make royalty payments.  (Pet. ¶¶13, 15; Doc 1; Deutsch Decl. of 2/11/2019 Ex. 3 ¶15; Doc 4.)

The ICC Court appointed a sole Arbitrator to decide the issues of jurisdiction and liability.  (Deutsch Decl. of 3/26/2019 Ex. 3 ¶¶17−18).  Both parties appeared and participated at the arbitration proceedings.  (Id. Ex. 3 ¶¶24−38.)  On July 13, 2018, the arbitrator issued a thirty-four-page "Partial Award," in which he declared that (a) the Agreement is valid and not void for uncertainty; (b) the Kundan Entities materially breached the Agreement by failing to make royalty payments and failing to provide monthly sales reports; and (c) the material breach without cure terminated the Agreement on August 3, 2015.  (Id. Ex. 3 ¶119.)  The Arbitrator reserved decision on remedies, including damages, for a future Final Award.  (Id. Ex. 3 ¶117.)

In May 2016, one month after Jolen filed its Request for Arbitration, the Kundan Entities sought declaratory and injunctive relief through an *ex parte* suit in the courts of the Republic of India to prevent Jolen from proceeding with the arbitration.  (Id. ¶4.)  Jolen never appeared in this action and it was withdrawn by the Kundan Entities before judgment was rendered.  (Id. ¶30.)  In September 2018, the Kundan Entities again sued in India seeking to vacate the Partial Award.  (Pet. Ex. 8; Doc 1.)  The Kundan Entities claim that the Award is "arbitrary, unfair, unreasonable, patently illegal, and contrary to the Agreement, Fundamental Law of India, and the Public Policy of India."  (Id. Ex. 8 at 17.)  In response, Jolen petitioned this Court to confirm the arbitration and sought an anti-suit injunction against the Kundan Entities. (Show Cause Order at 1; Doc 14).

- 2 -

On April 9, 2019, this Court and issued an anti-suit injunction against the Kundan

Entities (the "Injunction Order").  (Doc 21.)  The Court ordered:

> Kundan Rice Mills, Ltd. and Kundan Care Products, Ltd., their
> officers, agents, servants, employees, attorneys, and other persons
> in active concert or participation with any of the foregoing, shall
> forthwith withdraw any action pending in the Court of India,
> including proceedings in the Honorable High Court for the States of
> Punjab and Haryana at Chandigarh (Kundan Rice Mills Ltd. and
> another versus Jolen Inc.), and shall refrain from instituting or
> participating in any proceedings the object of which, in whole or in
> part, is to stay, modify, vacate, set aside or render null, void, not
> binding or nonenforceable any portion of the Partial Award issued
> on or about July 13, 2018 by an arbitrator sitting in the City and
> State of New York, New York County, under the auspices of the
> International Chamber of Commerce, International Court of
> Arbitration.

Doc 21 at 11–12.  On April 10, 2019 this Court confirmed the Partial Award of the arbitrator (the

"Confirmation Order). (Doc 22.)

On April 11, 2019, Jolen served copies of the Injunction Order and the

Confirmation Order on Kevin J. Lennon and Prithu Garg—counsel for the Kundan Entities in the

arbitration proceeding and then counsel in the ongoing Indian action, respectively.  (Declaration

of Jeremy E. Deutsch of May 10, 2019 at ¶8; Doc 32.)  On April 23, Lennon "confirm[ed] that

[the] letters ha[d] been forwarded to [the] client" and stated that "our firm does not act for any

Kundan entity which is a party in the Indian High Court proceedings . . . ."  (Id. Ex. 3 at 1.)

In contravention of this Court's Injunction Order, counsel for the Kundan Entities

appeared in hearings before the Indian court on April 22, 2019 (id. ¶9), April 29, 2019 (id. Ex.

5), and May 8, 2019.  (Declaration of Jeremy E. Deutsch of May 31, 2019 Ex. 1; Doc 37.)  Per

the Indian Court's Order of May 8, 2019, Ajaivir Singh replaced Garg as counsel for the Kundan

Entities in the Indian proceeding.  (Doc 36 at 2.)  Singh was served with copies of the Injunction

Order and the Confirmation Order on June 3, 2019.  (Doc 39 at 1.)    A conference in the Indian

matter is set for July 26, 2019.  (Id. ¶3.)

    Jolen petitioned this Court on May 10, 2019 to hold the Kundan Entities in civil

contempt of the Injunction Order and issue sanctions to induce compliance with the Injunction

Order (Doc 30.)  Pursuant to the Court's Order of May 9, 2019, the Kundan Entities had fourteen

days to respond (Doc 28.)  Jolen served copies of its motion papers on the former counsel of

record on May 14, 2019 (Doc 33 at 1), pursuant to the Court's Order granting alternative service

(Doc 12.)  On June 3, 2019, Jolen again served copies of the motion papers on Kundan's known

counsel and present counsel of record for the Kundan Entities in the Indian proceedings, Mr.

Ajaivir Singh (Doc 39), pursuant to the Court's Amended Order granting alternative service on

the additional counsel (Doc 38.)  The Kundan Entities have not responded to Jolen's motion.

CONCLUSIONS OF LAW

I.  Legal Standards Governing Civil Contempt

    "A party may be held in civil contempt for failure to comply with a court order if

'(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of

noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to

comply in a reasonable manner.'" CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir.

2016) (quoting Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,

369 F.3d 645, 655 (2d Cir. 2004).  The movant bears the burden of establishing these elements.

Latino Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009).

The contemnor need not willfully violate the order for contempt to be appropriate.  Paramedics,

369 F.3d at 655.

"[A] clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'" King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (quoting Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988)). That is, the addressees "must be able to ascertain from the four corners of the order precisely what acts are forbidden." Id. Furthermore, the order's text must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." New York State NOW v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989) (quoting In re Baldwin-United Corp., 770 F.2d 328, 339 (2d Cir. 1985)).

As to the requirement for clear and convincing proof, courts requires "a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002). Finally, a contemnor's failure to diligently comply with an order may only be excused if compliance is "factually impossible." Badgley v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986) (quoting United States v. Rylander, 460 U.S. 752, 757 (1983)). It is the defendant's burden to prove "clearly, plainly and unmistakably" that "compliance is impossible." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995).

II.     The Kundan Entities Are in Civil Contempt

The Injunction Order is clear and unambiguous. The Injunction Order is plainly addressed to "Kundan Rice Mills, Ltd. and Kundan Care Products, Ltd., their officers, agents, servants, employees, attorneys, and other persons. . . ." It required the Kundan Entities to withdraw any pending Indian action intended to modify or vacate the Partial Award and cease appearing before the courts of India. The Injunction Order is facially clear. There are no provisions of the Injunction Order that leave uncertainty as to what acts are forbidden.

Jolen has presented clear and convincing evidence that the Kundan Entities have violated the Injunction Order.  Counsel for the Kundan Entities has appeared before the High Court of Punjab and Haryana in the State of Chandigarh in the pending action on multiple occasions, most recently on May 8, 2019.  Counsel has not withdrawn the Indian action as required by the Injunction Order or stopped participating in the action as further required by the Injunction Order.   Finally, Kundan has not diligently attempted to comply with the Injunction Order in a reasonable manner.  The Kundan Entities have not appeared before this Court and have not asserted that compliance was impossible.  The Kundan Entities are adjudged to be in civil contempt.

III.    <u>Legal Standards Governing Contempt Sanctions</u>

"The power to punish parties for contempt is inherent in all courts."  <u>Weston Capital Advisors, Inc. v. PT Bank Mutiara, TKB</u>, 738 Fed. App'x 19, 21 (2d Cir. 2018) (<u>citing Terry</u>, 886 F.2d at 1351).  This power is derived from a court's interest in protecting the integrity of its orders.  <u>CBS Broad. Inc.</u>, 814 F.3d at 101.  "When the contempt involves a simple disobedient act . . . a court's ability to exercise its inherent civil contempt power is amplified." <u>Id.</u>  Civil "sanctions may not be imposed as a purely punitive measure."  <u>Id</u>.

Civil contempt sanctions serve a dual purpose: "to secure future compliance with court orders and to compensate the party that has been wronged."  <u>Paramedics</u>, 369 F.3d at 657. For coercive sanctions, a court has "broad discretion to design a remedy that will bring about compliance."  <u>Id</u>. (internal quotations omitted).  When doing so, the court must consider "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him."

- 6 -

Weston Capital Advisors, 738 Fed. App'x at 22 (quoting Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106, 110 (2d Cir. 1987)).  "A per-diem fine is widely recognized as an effective coercive tool."  Raghavendra v. Trs. of Columbia Univ., 06 cv 6841 (PAC)(HBP), 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017).  The contemnor bears the burden of establishing a lack of financial resources to prevent imposition of monetary sanctions. Paramedics, 369 F.3d at 658.

For compensatory sanctions, a court "should reimburse the injured party for its actual damages."  Id. (quoting Terry, 886 F.2d at 1353).  Though compensatory sanctions need not precisely match losses, "the sanction should correspond at least to some degree with the amount of damages."  Id.  Compensatory sanctions may include an award of attorneys' fees and costs if the Court finds willful violation.  Broker Genius Inc. v. Seat Scouts LLC, 17 cv 8627 (SHS), 2019 WL 2462333, at *3 (S.D.N.Y. June 13, 2019).  But see Jacobs v. Citibank, N.A., 318 Fed. App'x 3, 5 n.3 (2d Cir. 2008) (noting that whether willfulness or bad faith is required to order attorney fees as a sanction for violating a court order "remain[s] an open one in our Circuit").

IV.     Contempt Sanctions Are Appropriate Response to Kundan's Noncompliance

Coercive sanctions are warranted.  Continued noncompliance with the Injunction Order by the Kundan Entities exposes Jolen to unnecessary cost and expense through a vexatious action in a foreign forum and harms the integrity of the Injunction Order.  Monetary sanctions are an efficacious means of enforcing the Injunction Order.  Finally, the Kundan Entities have not demonstrated that imposition of monetary sanctions would represent any financial burden on the Kundan Entities.  The Court may impose a conditional fine so long as the Kundan Entities have a reasonable time to bring themselves in compliance of with the Injunction Order.  Jolen requests a daily fine in some multiple of $3,000, the amount of the security it posted in

connection with the Injunction Order.  (Deutsch Decl. of 5/10/2019 ¶17; Doc 32.)  Although

Jolen has not made a request for compensatory sanctions, the Court reserves the right to award

compensatory sanctions to Jolen from any sum deposited by the Kundan Entities into the Court's

Registry.

        For the foregoing reasons, Jolen's motion for an order of contempt and a coercive

fine against the Kundan Entities is GRANTED.  It is hereby ORDERED, ADJUDGED, and

DECREED that:

        If, within fourteen (14) days of this Order, the Kundan Entities fail to fully

comply with the Injunction Order, including by withdrawing any and all proceedings in the

Republic of India relating to the Partial Award issued on or about July 13, 2018, they shall be

fined in the amount of three thousand dollars ($3,000) without further proceeding or order of this

Court.   For every seven (7) days thereafter that the Kundan Entities remain in noncompliance

with the Injunction Order, the three-thousand-dollar ($3,000) fine shall double until fully

compliance is achieved.  The Kundan Entities shall pay all fines imposed by this Order into the

Registry of this Court.

        Counsel for Jolen shall serve this Order forthwith upon the Kundan Entities.  The

Clerk is directed to terminate the motion.  (Doc 30.)

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      July 9, 2019