UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOLEN, INC.,

                            Petitioner,                            19-cv-1296 (PKC)

        -against-

                                                     ORDER

KUNDAN RICE MILLS, LTD. and KUNDAN
CARE PRODUCTS, LTD.,

                            Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Jolen, Inc. ("Jolen") seeks to confirm a Final Arbitration Award rendered

on December 17, 2019 in its favor against Kundan Rice Mills, Ltd. and Kundan Care Products, Ltd.

(together, the "Kundan Entities"). Jolen has filed a Certificate of Service of its petition to confirm

the Final Award (Doc 46), stating that service of process has been effectuated through the alternate

means of service approved in the Court's Amended Order of May 31, 2019. (Doc 38.) The

Kundan Entities have not responded to the petition and their time to do so has expired. The Court

will therefore review the petition as unopposed.

        "[D]efault judgments in confirmation/vacatur proceedings are generally

inappropriate," and an unopposed motion to confirm an arbitration award should be "treated akin to

a motion for summary judgment based on the movant's submissions." D.H. Blair & Co.

v. Gottdiener, 462 F.3d 95, 109-10 (2d Cir. 2006). The movant must submit evidence that entitles

it to judgment as a matter of law and must satisfy this burden even if the motion is unopposed. See

id. (citing Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

"[T]he court's function in confirming or vacating an arbitration award is severely limited." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks and citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks and citation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Id. (internal quotation marks and citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." Id. (internal quotation marks and citation omitted).

"Under the terms of [9 U.S.C § 9], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008). The Federal Arbitration Act ("FAA"), at 9 U.S.C. § 10(a), sets forth assorted grounds for vacating an arbitration award, including awards "procured by corruption, fraud, or undue means;" evidence of "partiality or corruption" by the arbitrators; procedural misconduct by arbitrators that prejudiced any party; or evidence that arbitrators exceeded their powers. As a "judicial gloss" on section 10(a), the Second Circuit recognizes two additional bases for vacatur: where the award shows a "manifest disregard" of the law, or of the terms of the parties' agreement. Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451-52 (2d Cir. 2011) (citations omitted). An award may be modified if there is "an evident material miscalculation of figures" or other material mistake, the arbitrator acts on a matter that was not submitted, or an award "is imperfect in matter of form . . . ." 9 U.S.C. § 11.

As the Court has previously found, Jolen and Kundan Rice Mills, Ltd. entered into

an Exclusive Trademark License Agreement (the "Agreement") on or about November 1, 2004 that includes an arbitration clause governing any dispute arising out of the Agreement or its breach. (Opinion and Order of July 9, 2019 (Doc 40) at 1-2; Deutsch Decl. of Mar. 26, 2019 (Doc 16) ¶ 2.) On April 4, 2016, Jolen filed a Request for Arbitration with the International Chamber of Commerce, International Court of Arbitration ("ICC") alleging breach of the Agreement by the Kundan Entities by, among other things, their failure to report monthly sales and failure to make royalty payments. (Doc 16, Ex. 2 ¶ 15.)

The ICC Court appointed a sole arbitrator to decide issues of jurisdiction as well as liability. (Id. ¶¶ 17-18.) Both parties appeared and participated at the arbitration proceedings. (Id. ¶¶ 24-38.) On July 13, 2018, the Arbitrator, Rahim Moloo, issued a thirty-four-page "Partial Award," in which he declared that (a) the Agreement is valid and not void for uncertainty; (b) the Kundan Entities materially breached the Agreement by failing to make royalty payments and failing to provide monthly sales reports; and (c) the material breach without cure terminated the Agreement on August 3, 2015. (Id. ¶ 119.) The Arbitrator's decision was based on, among other things, an analysis of the Agreement's terms and provisions, Indian law, testimony from the Managing Director of Kundan Rice Mills, Ltd., and declarations and other evidence submitted by the parties regarding the nature of the parties' long-term business relationship.

The Arbitrator reserved a decision on costs associated with this phase of the proceedings and any remedies or damages until the next phase. (Id. ¶ 117.)

The Court previously confirmed the Partial Award of July 13, 2018 concluding that it was final for purposes of confirmation. (Opinion and Order of Apr. 10, 2019 (Doc 22).) Jolen now moves to confirm a Final Award issued on December 17, 2019 awarding damages to Jolen against the Kundan Entities. (Doc 47.)

Arbitrator Moloo, who had presided at the first phase, issued Procedural Order No. 6 on October 15, 2018, setting a schedule for deciding the remaining issues in the proceeding, enumerating those issues, including damages, interest, costs and attorneys' fees and expenses. (Deutsch Decl. of Jan. 7, 2020 (Doc 45), Ex. 6.)  The parties agreed that no live hearing was necessary and that the issues could be decided on the written submissions and evidence.  (Doc 45, Ex. 7 ¶ 29.)  The Kundan Entities filed an "Opposition to Claimant's Damages Memorial" that the Arbitrator considered.[1]  (Doc 45, Ex. 7 ¶¶ 25-26.)

On December 17, 2019, Arbitrator Moloo issued a 41-page Final Award, finding in 122 numbered paragraphs that Jolen was entitled to the following relief against the Kundan Entities:

a) $762,726.02 in pre-termination damages plus simple interest at 12% from January 14, 2019 until the date of the Final Award.

b) $1,586,650.49 in post-termination damages plus simple interest at 9% from January 14, 2019 until the date of the Final Award, though no amount is awarded for exemplary damages.

c) $70,796.00 for Kundan Entities' breach of the arbitration agreement.

d) $451,398.48 in legal fees and expenses.

e) Simple post-award interest of 9% per annum accruing from the date of the  Final Award on all amounts granted above in paragraphs (a) to (d) above, including pre-award interest, until these amounts are paid in full.

(Doc 45, Ex. 7 ¶ 118.)  Also included in the Final Award was the determination that the parties should split equally the ICC's costs of the arbitration, which totaled $45,230.00.  (Id. ¶ 120.)

---

[1] The Kundan Entities were represented by the law firm of Lennon Murphy & Phillips LLC in this phase.

The Court has the power confirm "final" awards. 9 U.S.C. § 10(a)(4). The Court

concludes that the Final Award of December 17, 2019 is final for purposes of confirmation.

The dispute was determined by the Arbitrator in accordance with the arbitration

provision of the Agreement and the Rules of the ICC. In the well-reasoned Final Award, the

Arbitrator explained in detail his evaluation of the facts and his application of the law to the

facts. This provides the Court with more than the "barely colorable justification" required to

confirm the award. D.H. Blair, 462 F.3d at 110. There is no indication that the Arbitrator

exceeded his powers in deciding his jurisdiction over any aspect of the dispute or that the other

grounds for vacating or modifying an award under sections 10 and 11 of the FAA are applicable.

The Court concludes that the Final Award of Arbitrator Rahim Moloo dated

December 17, 2019 is well-grounded in fact and law, and accordingly grants the petition to

confirm the Final Award.

CONCLUSION

The petition to confirm the Final Award is GRANTED. The Clerk is directed to

enter Final Judgment for Jolen based upon the Final Award of December 17, 2019 and terminate

the Letter Motion. (Doc 47.)

The Anti-Suit Injunction Order issued by this Court remains in full force and effect.

(Order of Apr. 9, 2019 (Doc 21).) The Court's Opinion and Order on Civil Contempt of July 9,

2019 (Doc 40) also remains in full force and effect. The Court retains jurisdiction with regard to

enforcement of these Orders.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 10, 2020